UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EVA HOLLOWAY,                    )
          Plaintiff,            )
                                )
          v.                    )   C.A. No. 05-11110-NMG
                                )
UNITED STATES DEPARTMENT OF     )
EDUCATION,                      )
          Defendant.            )

MEMORANDUM AND ORDER

For the reasons stated below, plaintiff's application to proceed without prepayment of fees is denied without prejudice. If plaintiff submits a new, fully-completed application to proceed without prepayment of the filing fee, she shall also demonstrate good cause why this action should not be dismissed for the reasons stated below.  The Clerk shall redact the portions of plaintiff's listing plaintiff's date of birth and/or social security number, in accordance with the requirements of Local Rule 5.3.

BACKGROUND

On May 23, 2005, plaintiff Eva Holloway filed an application to proceed without prepayment of the filing fee accompanied by several documents concerning her obligation to repay a student loan to the United States Department of Education.  Because many of these documents contain plaintiff's personal data identifiers such as her social security number and date of birth,[1] the clerk

_____

[1]Pursuant to Local Rule 5.3 (personal data identifiers), only the last four digits of an individual's social security number and only the year of an individual's date of birth should

will be directed to redact the portions of plaintiff's complaint listing plaintiff's date of birth and/or social security number, in accordance with the requirements of Local Rule 5.3(1).

DISCUSSION

I.   Plaintiff Must Submit a
     <u>New Fully-Completed Application</u>

A party filing a civil action in this Court must either (1) pay the $250 filing fee for civil actions or (2) seek to be granted <u>in forma pauperis</u> by filing an application to proceed without prepayment of the filing fee.  <u>See</u> 28 U.S.C. § 1914 (filing fee for civil actions); Fee Schedule for the District of Massachusetts; 28 U.S.C. § 1915 (proceedings <u>in forma pauperis</u>). For the convenience of litigants, this Court provides a standardized, double-sided form for fee waiver applications entitled "Application to Proceed Without Prepayment of the Filing Fee and Affidavit."

Holloway failed to completely answer question two on the application to proceed without prepayment of fees.  <u>See</u> Application, Docket No. 1.  Question two on the form asks litigants who are currently employed to state the amount of their take-home salary or wagers and pay period and give the name and address of their employer.  <u>See</u> Question No. 2.

Although plaintiff reveals the fact that she is employed,

_____

be used in court filings.  <u>See</u> District of Massachusetts Local Rule 5.3(A)(1), (3).

she has failed to provide the description requested in Question two.  Because the application is incomplete, I cannot make a determination whether plaintiff qualifies for in forma pauperis status and will deny it without prejudice.  I will grant plaintiff additional time to submit a new, fully-completed application.

    II.  The Court May Screen This Action

    When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue so that the Court may conduct a preliminary review of the complaint and determine if it satisfies the substantive requirements of Section 1915.. See 28 U.S.C. § 1915.  A district court may dismiss a complaint filed in forma pauperis "at any time" if the court determines that the action lacks an arguable basis in law or fact, seeks relief against a defendant who is immune from liability, or fails to state a claim.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the former § 1915(d)); 28 U.S.C. § 1915(e)(2)(b).

    In forma pauperis complaints may be dismissed sua sponte and without notice under Section 1915 if the claims are based on an indisputably meritless legal theory or factual allegations that are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

    Here, plaintiff failed to file a complaint and her filing

fails to conform with the Federal Rules of Civil Procedure.  As
an initial matter, Rule 3 of the Federal Rules of Civil Procedure
provides that "a civil action is commenced by filing a complaint
with the Court."  To the extent plaintiff seeks to have this
Court construe as a complaint the February 28th memo to Bob
Daunce, the Court notes that such memo was written by Linda
Lewis, L.I.C.S.W., on behalf of plaintiff.  As a general rule, a
plaintiff who is not an attorney may only represent herself, not
any other party.  See Feliciano v. DuBois, 846 F. Supp. 1033,
1039 (D. Mass. 1994) (stating that "an individual who is not an
attorney admitted to practice in this court cannot be allowed to
represent any other person, any class, or other legal entity.");
L.R. 83.5.3(c) ("A person who is not a member of the bar of this
court .... will be allowed to appear and practice before the
court only in his own behalf."); accord Cheung v. Youth Orchestra
Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990) (non-
attorney parent may not bring an action on behalf of child
without representation by counsel); cf. Barrows v. Jackson, 346
U.S. 249, 254 (1953) (as a general rule, a party does not have
standing to vindicate the constitutional rights of another
party).  Because Linda Lewis is not alleged to be an attorney,
she may not attempt to represent persons other than herself, and
this action based upon a claim belonging to Eva Holloway is
therefore subject to dismissal.  Feliciano, 846 F. Supp. at 1039.

     Moreover, pursuant to Federal Rule of Civil Procedure 8(a),
a complaint must include "a short and plain statement of the

4

grounds upon which the court's jurisdiction depends" and "a demand for judgment for the relief the pleader seeks." Plaintiff's pleading is completely deficient in that it fails to describe the jurisdictional basis for her claim and the form of relief that she is seeking.  Consequently, the Court is unable to determine whether plaintiff has stated an actionable claim. <u>See</u> Fed. R. Civ. P. 8(a).

If plaintiff chooses to file a new Application to Proceed Without Prepayment of Fees, she shall also file an amended complaint.  The amended complaint shall: (1) provide a jurisdictional basis for her claims in accordance with Rule 8(a)(1) of the Federal Rules of Civil Procedure; (2) include a demand for judgment for the relief she is seeking as required by Rule 8(a)(3) of the Federal Rules of Civil Procedure; and (3) fully describe the factual background as well as the defendants' conduct.

<u>CONCLUSION</u>

ACCORDINGLY, plaintiff's application to proceed without prepayment of fees is DENIED without prejudice.  If plaintiff wishes to proceed with this action, she shall, within 35 days of the date of this Order, (1) submit a new, fully completed and signed application to proceed without prepayment of fees and (2) demonstrate good cause, in writing, why this action should not be dismissed without prejudice for the reasons stated above.  If plaintiff fails to submit a new application, this action will be

dismissed without prejudice for failure to pay the filing fee.

The Clerk shall redact the portions of plaintiff's listing plaintiff's date of birth and/or social security number, in accordance with the requirements of Local Rule 5.3.  Plaintiff is ordered in future filings to comply with Local Rule 5.3 without relying upon redactions by the clerk.

SO ORDERED.

Dated at Boston, Massachusetts, this 13th day of June, 2005.


/s/ Nathaniel M.Gorton
NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE